Hoffman, J.
The first question is, whether the plaintiff is in a position to sustain this action in consequence of the direction of his attorney to return the execution within seven days, and its actual return within that time. ,
There are certain facts in the case, besides those noticed by the Judge, of no little consequence.
On the 2d day of June, 1856, the judgment was entered and docketed. On the same day the execution was tested and delivered to the Sheriff. This was returned on the 9th day of June unsatisfied, in pursuance of the written direction of the attorney, dated the 5th, (and before stated at length.)
The counsel for the Receiver produced this testimony.
The original action was commenced to set aside the assignment in question, by service of a summons with the complaint, on the 1st day of August, 1856. The complaint was sworn to on the *479 25th day of July, and on the 26th day of July, a preliminary order for an injunction was allowed with an order to show cause on the 4th day of August.
The original and supplemental complaint stated the issuing and due return of the execution, so that no objection appeared on their face; and the answers of the assignor and assignee by not denying, admitted all the allegations of the complaint on this subject. The Receiver, in his answer to the supplemental complaint, stated a want of knowledge or information, and controverted these among other allegations. The Receiver, it should be noticed, was appointed in a suit brought by one Dickinson, as a creditor under the assignment, to remove the assignee and distribute the fund. .That suit was commenced in May, 1856, and an injunction allowed on the 9th of that month, restraining the assignee and assignor from any interference with the property, and on the 18th day.of October, 1856, an order of reference to appoint a Receiver was made, and on the 28th day of November, 1856, the Receiver was duly appointed. Liberty to bring him into this suit by supplemental complaint was granted by an order made on the 20th day of March, 1857. •
The assignment purported to transfer the whole property, real and personal, of the assignor.
An action, like the present, to set aside an alleged fraudulent transfer of property, may be brought by the judgment creditor, notwithstanding the provisions as to supplementary proceedings, and the method of redress thus given. The old rules and principles of the Court of Chancery must afford the guide, although the Code may be resorted to for aid and explanation. If there is anything hostile to the former course of proceedings, the Code would control.
It may be useful, first, to advert to the rules which at different periods prevailed as to the issuing and return of an execution. It will aid our examination,- and in some respects it becomes important.
By the common law, the Sheriff was not obliged to return a writ of execution until he was ruled'so to do. (Watson on Sheriffs, 63; id., 198; Cheasely v. Barnes, 10 East’s R., 72.) There was an exception in case of an elegit. (See, also, 6 East’s R., 550.)
By our statute, (1 R. S., 1813, 318,) two common days of return were established.
*480 Process issued in term might be tested any day in that term, and be made returnable any day in that term, or the next term. If issued in vacation, it might be tested in any previous term, and be made returnable on any day in the next term.
The Revised Statutes of 1830 adopted the same provision, with some others, as to the duration of the terms, and as respects the issuing test and return of process, not necessary to be noticed. (2 R. S., 197, §§ 4, 5, 6.)
It was the law under these provisions, that the Sheriff was bound to return the writ on the return day without being ruled, and he might be sued in trespass on the case, or be liable to an attachment or amerciament for neglect.
By the general rule of law, also, the Sheriff could not execute a writ after the return day, though he might perfect proceedings commenced before. (Vail v. Lewis, 4 Johns. R., 450.) A return and a new writ, or perhaps a continuance on the roll merely, was necessary. (Devoe v. Elliott, 2 Caines’ R., 243; see The Mayor, &c., v. Evertson, 1 Cow. R., 36.)
This system continued until the statute of May the 14th, 1840. By that, a fi. fa. might “ be tested and issued at any time after the expiration of thirty days from the entry of the judgment; and such writ shall be made returnable sixty days after the receipt thereof by the Sheriff or other officer.” (Sess. L., 1840, p. 334, § 24.)
This appears to bear the construction that the writ could not be returned before the end of the sixty days. I do not know whether this point has been decided. -
By the Code, (§ 290,) the execution “ shall be returnable within sixty days after its receipt by the officer,- to the clerk with whom the judgment is filed.”
It is well settled under this provision,- that the execution may be returned at any time within the sixty days, so as to warrant proceedings under section 292' of the Code. Collusion or fraud may be shown, and will defeat the proceeding. (Engle v. Bonneau, 2 Sandf. S. C. R., 679, and cases; 1 Code R., 107; Morange v. Edwards, 1 E. D. Smith R., 414; Livingston v. Cleaveland, 5 How. R., 396; Jones v. Porter, 6 id., 286.)
In Livingston v. Gleaveland,' (supra,) the subject was fully examined ; Mr. Justice Mason delivering the opinion of the Court. Cassidy v. Meacham, (3 Paige R., 311,) and Williams v. Hoge *481 boom, (8 Paige R., 469,) were admitted to have settled the rule in Chancery before the Code, that a bill could not be filed until after the return day, although the execution had been returned before. The statute and law, before the act of 1840, and the rule under that act were examined, and the distinction taken upon the language of sections 289 and 290 of the Code, that now the Sheriff may legally return the execution within the sixty days whenever he has made diligent search for property, and become satisfied that the defendant has not property to satisfy the same or any part thereof. It is to be presumed that the Sheriff has done his duty in searching for property, when he has made his return nulla bona.
The case of Jones v. Porter, (supra,) was before Mr. Justice Parker, at Special Term. It is very strong upon this point.
Judge Rowley, the County Judge, in Messenger v. Fish, (1 Code R., 106,) stated the reasons for such a construction of the Code with much force.
It is to be .deduced from these cases, that when nothing appears but the fact of a return directed to be made by the plaintiff or his attorney, the inference is that the Sheriff was not left to his proper efforts to collect the amount, but that the intervention with his duty was from some improper or vexatious motive. But, under these decisions, jurisdiction would appear tobe acquired, whether the execution is returned before or after the end of the sixty days. The defendant has no longer the absolute right to say that this extraordinary remedy may not be resorted to until the full period given by the law for him to pay the debt under an execution has elapsed, or until efforts to collect it by the legal process have proved ineffectual for that period. The time is no longer absolutely given him, when the Sheriff is authorized by law, on his own responsibility, to abridge it.
Thus, it seems to me, that an official, voluntary return by the Sheriff, before the end of the sixty days, may be treated as a compliance with what the statute deems it essential to establish— that the legal remedy has been exhausted. He subjects himself to a liability for a false return, in case property could be shown which might have been reached, and acts at his peril.
This course of reasoning may justly be regarded as of little weight when the plaintiff, or his attorney, has directed the return *482 of the execution, and promptly, upon its being issued. The theory upon which an action like the present proceeds, must always be regarded.
While an execution is in the hands of a Sheriff, all leviable personal property is affected by its lien, under and by force of the statute. While it was in life, a bill to set aside a fraudulent transfer, which interferes with the levy, might be sustained, because the lien existed. But if the execution is returned the lien was lost, and the right to sustain the action, apart from statutory provision, was also lost. (McElwain v. Willis, 9 Wend. R., 548; Weed v. Pierce, 9 Cow. R., 728; Watrous v. Lathrop, 4 Sandf. S. C. R., 700; Cuyler v. Moreland, 6 Paige R., 273; Crippen v. Hudson, 3 Kern. R., 161; Bishop v. Halsey, 3 Abbott R., 400.)
But it was equally clear, that a bill in equity, to reach equitable interests and choses. in action, could not be filed until after execution returned unsatisfied; and then the authorities before referred to, settled that the creditor must wait until the return day, which the law had prescribed, had passed,
. The anomaly might then apparently exist, that, if the execution was returned, leviable property could not be touched; and, if it was not returned, equitable interests could not be reached. The relief, where a fraudulent transfer comprised both,, would seem imperfect.
The Revised Statutes met this difficulty by providing that after execution returned unsatisfied, property of every description, whether it could have been taken on execution or not, might be applied to the demand. (2 R. S., 174, § 42.)
Thus, then, the relief which was to be given to a creditor failing- to realize his demand, at law by the usual process, was given, with these restrictions, and upon the condition of these rules being observed by him.
There is one view in which the case presents a very close point. This action was not commenced until the 1st day of August. The filing of the bill under the old Chancery system was not the commencement of an action, but only the service of a subpoena, or a hona fide attempt to serve it. (1 Paige R., 564; 10 id., 1.) Sections 99 and 127 appear to be decisive of the same rule under the Code. The fact that an injunction order *483 Was obtained on the 26th day of July, which was served with the summons and complaint, does not appear to me to affect this view of the case. It is true that by section 139 of the Code, the Court is deemed to have jurisdiction of a case, and to have control of the subsequent proceedings, from the allowance of a provisional remedy, as well as from service of a summons. But as to the parties, an injunction would be inoperative until served, and an attachment until levied.
By the 290th section, the writ is to be returnable within sixty days after its receipt by the Sheriff.
Whatever might be the rule upon the exclusion or inclusion of the day of the delivery of the writ; under the Revised Statutes, and cases upon the subject generally, (1 R. S., 605; 8 Barb. R., 384,) the Code has prescribed a definite rule which must govern the present case.
By section 407, the time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last. . If the last day be Sunday it shall be excluded.
Then the sixty days allowed for the return of this writ ended on the 1st day of August, and the suit was commenced on the 1st day of August.
Had the action been commenced on the 2d day of the month, I apprehend that by the strictest rule it would have been sustained, and I do not think the fact of the attorney’s procuring or directing a premature return would have varied the case.
It appears to have been admitted, that a Sheriff might have returned an execution on the morning of the return day, and would not be liable, although he might subsequently have executed the writ, provided he had used due diligence before. (Henmann v. Borden, 10 Wend. R., 367.) We are warranted in presuming that the action was commenced after the actual return on the last day.
The proposition upon which I think the present action can be maintained is this, that although an execution has been returned at the direct instigation of the plaintiff or his attorney, yet if the action be to set aside- a fraudulent assignment, and is not commenced until after, or on the actual return day, it can be sustained; and further, that in the present instance, this conclusion is greatly *484 strengthened by the fact, that at the time of the delivery of the execution, and through the whole period of the sixty days, the assignor, (the debtor,) and the assignee were under an injunction prohibiting their application of any property-to the payment of the creditors’ demands.
I forbear to enter upon the consideration of other cases in which the right to sustain such an action may exist, without these circumstances, even where the attorney has interfered. Without at all saying, nothing will suffice but what is found in the present case, I think there is sufficient here.
2. The learned Judge has found as matter of fact that the assignment was not accompanied by an immediate delivery, or followed by any actual or continued change of possession of the assigned property, but was made with intent to hinder, delay, and defraud the creditors of the said Eobert Waller.
We are not able to say that this result is wrong upon the evidence. On the contrary the circumstances of possession, control, contracts, and negotiations of the assignor which have been proved, appear to us to warrant it.
8. There are some exceptions to the ruling of the Judge during the trial which require observation.
As to the objection by the Eeceiver to the question, whether the object of the assignor was not to prevent sacrifices in making the assignment? He could have been asked by the defendant in support of the assignment, whether he intended to defraud creditors. (4 Kern. R., 568.) Much more may he be asked as to his intentions and objects, by the adverse party.
The other question which the defendant asked, and the Court rejected, was, whether there was any agreement between the assignor and the assignee, that he (the assignor) was to continue in possession of the property ? (To the decision excluding an answer to this question, the appellant excepted.)
It may be that this ought to have been allowed. But when the fact of an actual continuance in possession is made out by competent evidence, the fact whether there was or was not a prior agreement for it, seems immaterial.
I think the judgment should be affirmed.
Moncrief, J., concurred